IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) |  |
| Plaintiff, ) |  |
| ) |  |
| v. ) | Case No. 94-00194-12-CR-10-GAF |
| ) |  |
| ) |  |
| KEVEN L. WYRICK, ) |  |
| Defendant. ) |  |

MOVANT'S REPLY TO GOVERNMENT'S
RESPONSE TO HIS RENEWED MOTION
FOR COMPASSIONATE RELEASE

Movant, Keven L. Wyrick ("Wyrick"), 'pro se', hereby respectfully submits his Reply to Government's Response to his Renewed Motion for Compassionate Release.

First Wyrick would point out that while the government filed its response on June 15, 2021, he did not receive it until June 28, 2021 (See attached exhibit #K).

In reply thereto, Wryrick submits:

The government wastes the first fifteen pages of its brief arguing that the court is limited to utilizing the outdated U.S. Sentencing Commission's Guidelines for determining whether compassionate release should be granted. This Guideline, §1B1.13(A)-(D), is applicable only to motions filed by the Director of the Federal Bureau of Prisons, not to inmate filed motions. See United States v. Brooker, 978 F.3d 228, 237 (2nd Cir. 2020); United States v. McCoy, 981 F.3d

271, 281 (4th Cir. 2020); United States v. Shkambi, Case No. 20-40543, 2021 U.S. App. LEXIS 10053 (5th Cir. Apr. 7, 2021); United States v. Jones, 980 F.3d 1098 (6th Cir. 2020); United States v. Gunn, F.3d , (7th Cir. 2020); United States v. Aruda, Case No. 20-10245, 2020 U.S. App. LEXIS 10119 (9th Cir. Apr. 8, 2021).

Therefore this court is not bound by the Sentencing Commission's outdated Policy Statement (U.S.S.G. §1B1.13(A)-(D)) when considering an inmate filed motion for compassionate release. See Brooker, 976 F.3d at 237.

The government at first argues that Wyrick's medical condition, Cronic Obstructive Pulmonary Disease, hypertension, obesity and enlarged prostrate, and his age, which the Centers for Disease Control and Prevention ("CDC") have held to be "High Risk" factors, for serious illness, or even death from COVID-19 infection, are not an extraordinary and compelling reason to grant relief under 18 U.S.C. §3582(C)(1)(A)(i).

Then the government concedes that Wyrick has shown an extraordinary and compelling reason to grant relief, (See gov't's response, Doc.#1112, page 13) they claim that this court should deny his motion based on the 18 U.S.C. §3553(a) factors, as they were applied at his sentencing.

Wyrick disagrees with the government's suggestion that the court can fulfill it's duty to reconsider the considerations that supported the original sentence (Response brief at 15). Section 3582(C)(1)(A) necessarily envisions that the §3553(a)

2

factors may balance differently upon a motion for compassionate release than they did at the original sentencing. An individual requesting compassionate release will, in all cases, be serving a sentence that a district court once held was "sufficient but not greater than necessary" to meet the §3553(a) factors. If a district court's original §3553(a) anayisis could always prove that a sentence reduction would intolerably undermine the §3553(a) factors, then §3582(C)(1)(A) would, in effect, be a nullity.

Wyrick posits that the goal in proceeding through the §3553(a) factors analysis, under §3582(C)(1)(A), is to evaluate defendants, not as they were at the time of their original sentencing, but as they are now. From a policy standpoint, looking to evidence of post sentencing conduct incentivizes good behaviour and disincentivizes bad behaviour in prison. Ultimately there is "no better evidence" when assessing the §3553(a) factors than the defendant's post sentencing conduct. Pepper v. United States, 562 U.S. 476, 487 (2011)(quoting United States v. McMannus, 496 F.3d 846, 853 (8th Cir. 2007). Indeed the Supreme Court has recognized that evidence of "rehabilitation may ... critically inform a sentencing judge's overarching duty under §3553(a) to impose a sentence sufficient, **but not greater than necessary**' to comply with the sentencing purposes set forth in §3553(a)(2)." Id.

The government, in their response, completely ignores Wyrick's transformation since sentencing. They discount his

3

significant achievements and extraordinary rehabilitation efforts by claiming "rehabilitation is not, by itself, an extraordinary and compelling reason" for a reduction in sentence. (Response brief, at page 18). While the government, in it's response, use the modifier "by itself," Congress provided that "rehabilitation of the defendant "alone" shall not be considered an extraordinary and compelling reason." 28 U.S.C. §994(t)(emphisis added). However, "legislator's use of the modifier "alone" evidences that they believe that rehabilitation is relevant to the question of whether a sentence should be reduced and that rehabilitation, when considered together with other equitable factors, could constitute "extraordinary and compelling reasons for a sentence reduction." United States v. Millian, 2020 U.S. Dist. LEXIS 59955, 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020). Indeed, failure to give effect to the word "alone" would "[r]un afoul of the 'cardinal principle' of interpretation that courts 'must give effect, if possible, to every clause and word of a statute". Loughrin v. United States, 573 U.S. 351, 358 (2014). Indeed, as pointed out in Wyrick's motion, many courts have held that rehabilitations in combination with other factors can constitute, an extraordinary and compelling reason. See, e.g. Brown v. United States, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019); United States v. Urkevich, No. 8:03-cr-00037, 2019 U.S. Dist. LEXIS 197408, 2019 WL 6037391, at *3 (D. Neb. Nov. 14, 2019).

Therefore the government's argument fails, as Wyrick's argument for his extraordinary rehabilitation efforts is in combination with his COVID-19 claim, which the government has

4

already conceded is an "extraordinary and compelling reason" to grant relief. Further, his rehabilitation efforts bolster his §3553(a) factors, such as the sentencing disparity, his unusually long sentence when compared with the national average, and his personal characteristics.

Finally, the government in their response brief argues that this Court does not have the authority to order Wyrick to have confinement under the CARES ACT, Wyrick agrees.

However, since he did not raise this issue in his motion, it is immaterial.

Therefore, the government having conceded that Wyrick has met the extraordinary and compelling reason requirement, and the §3553(a) factors, as they stand now, support a reduction in sentence, Wyrick respectfully requests this Court grant his Motion for compassionate release.

Respectfully submitted this 1st day of July, 2021.

*Keven Wyrick*

Keven Wyrick, 'pro se'
# 08724-045
U.S. Penitentiary
P.O. Box 1000
Leavenworth, Kansas 66048

5

## CERTIFICATE OF SERVICE

I, Keven L. Wyrick, do hereby certify that I served a true copy of the foregoing Movant's Reply ... to the Respondent via First Class U.S. Mail, addressed to:

    Joseph M. Marquez
    Assistant U.S. Attorney
    400 East 9th St., Fifth Floor
    Kansas City, MO. 64106

and placing same into inmate legal mail, at U.S.P. Leavenworth, this 1st day of July 2021.

Signed and sworn, under the penalty of perjury, pursuant to 28 U.S.C. §1746.

                                        *Keven L. Wyrick*
                                        08724-045
                                      Keven L. Wyrick, pro se

# EXIBIT K

U.S. Department of Justice
United States Attorneys Office
Western District of Missouri

Charles Evans Whittaker Courthouse
400 E. 9th Street, Room 5510
Kansas City, Missouri 64106

Official Business



**CERTIFIED MAIL**



7020 2450 0001 4991 8257



RECEIVED JUN 28 2021

B309

Keven Wyrick
Reg. No. 08724-045
USP Leavenworth
P.O. Box 1000
Leavenworth, Kansas 66048