IN THE UNITED STATES OF AMERICA
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KEVEN L. WYRICK, pro se
    Petitioner,

V.

Case No.
94-00194-12-CR-W-GAF

UNITED STATES OF AMERICA
    Respondent.

PETITIONERS THIRD MOTION TO REDUCE SENTENCE
UNDER COMPASSIONATE RELEASE PURSUANT
TO 18 U.S.C. § 3582(c)(1)(A)(i)

Comes now, Petitioner Keven Wyrick, pro se, before this court. Petitioner is now asking this Court to consider his [third] motion for Compassionate Release. Mr. Wyrick, is not skilled in the practice of law, and as such, asks this Court to construe this motion with liberal construction (Haines v. Kerner, 404 US Sct.519 (1972).

REMAINING RELEVANT ISSUES IN THE PREVIOUS TWO MOTIONS

    Even though the previous two motions were previously denied "in whole", there are issues within those motions that remain valid, and ripe for consideration. Supplemental briefs of his previously denied motion, is included as an exhibit with this motion as a matter of respect to the court and it's time and resources. Inclusion of this last motion also allows the court to consider previous facts that are relevant, without re-stating them all in this brief. Making

1

it easier to reference issues and facts that remain relevant at this time, from the previous motion; for example Covid 19 remains extremely relevant inside prisons as a risk, but the Court's have heard all about it for several years, no need for repetition in this motion. Threfore, Mr. Wyrick has only updated the increased risks of the virus as it is today in this new brief, without restating previous facts about the "Pandemic" the court is all to well aware of already.

Facts and issues presented in the previous motions that are relevant today. Mr. Wyrick, asks this Court to consider then as a whole and part for consideration with this current In summary, in lieu of resubmitting all the issues that were in previous motions not wanting to make this motion redundant, repetitive and voluminous, therefore as previously stated issues that remain outstanding, in his previous two motions.

Mr. Wyrick, presents this third motion and is not making this motion in a frivolous or reckless manner. He is asking this Court to respectfully review this motion "under a new lens" and consider this [third] motion for Compassionate Release under 18 U.S. C. 3582 (c)(1)(A). Mr, Wyrick, he received the help of a law clerk at Leavenworth USP law library to present this third motion

2

## DISCUSSION

People grow, mature and evolve, and because conditions and circumstances change, in this case Mr. Wyrick has in fact changed and improved himself a great deal. So much that it can be considered as an "extraordinary and compelling" reason itself as it has in other recent court decisions. (see recent decision) He has spent almost 30 years behind bars, and humbly asks this court to look deep and envision him not as a bad person, but a man who made a terrible decision one day in his life. A man who understands the grave nature of his crime, and does not seek to justify diminish or detract from the seriousness of his offense. He unequivocally accepts responsibility for his criminal conduct. Looking back at what transpired and at that wretched moment he committed this crime, he is full of shame and remorse.

Without any excuses for his actions he wishes to share some insight in a declaration he has prepared, which is attached as an exhibit. This a brief excerpt from that declaration, never been shared with this Court.

"In the weeks before and day that lead up to the tragic moment I made a terrible spur of the moment choice to fire that gun and take a life I was working out on

3

Case 4:94-cr-00194-GAF   Document 1122   Filed 01/31/23   Page 3 of 14

the property, a proposition was brought to me was about killing another man I declined Then the individual these people wanted me to kill made a comment about killing me while he was strung out on cocaine. This man who owned a reputation for being an extremely dangerous drug dealer, I was terrified I would be killed. This resulted in me taking that man's life and have been remorseful since. The record shows there was never any money transactions that lead to this tragedy.I have lived with this painful memory and it will never leave me, I am truly sorry." (see attached exhibit) "Keven Wyrick's Declaration".

The defendant made efforts to change his life after this tragic event, unfortunately it was too late then. He moved away from these people, starting a new life. He got a good job working at Asplundh and started professional boxing, when dreams of successful boxing career ended with his arrest 6 years after the incident occurred. There were no winners in this sad story. The defendant has served almost half his life here on earth in prison. He feels remorse and has spent time while incarcerated doing many things to better himself, the list is long and has been included in the two previous filings. How many people in this world faced with a similar circumstance, under the fear of losing their own life, might make the same dreadful choice he regretfully did.

4

The question worthy of asking this Court, is their a chance for redemption for an individual who has spent almost fifty percent of his life in prison, who in fact has demonstrated not only tremendous behavior throughout his almost 30 years in prison, with no incident reports but has sought out help, counseling programming and even studied to become a minister. He also works in the "Prison Suicide Companion Work Cadre", and has just been chosen and designated to move to the BOP s Engelwood Colorado, Low Security facility, to be a member of the" U.S. Military Sponsored Exclusive Veterans Program". Your Honor, respectfully we ask you to please give this motion serious reconsideration.

## THIS COURT HAS JURISDICTION AND THE AUTHORITY TO RESENTENCE MR. WYRICK UNDER 18 USC § 3582 (c)(1)(A)

With the changes made to the compassionate release statute by Congress through the First Step Act, courts need not await a jurisdiction to grant a sentence reduction under 18 USC § 3582 (c)(1)(A), for "extraordinary and compelling reasons", and that resentencing need not involve only medical, elderly or family circumstances.

Mr Wyrick has made incredible strides during his his post-sentencing. He has had worked very hard and

holds an impeccable record during his time in prison, demonstrating his maturity and good choices he has made. There are substantial and relevant § 3553(a) factors that should be considered.

First, the nature and circumstances of the offense were undoubtedly extremely serious. At the time of Wyricks arrest he was a young man barely in to his thirties. Since that time, Wyrick's recent history and characteristics present a a far more positive picture. During the decades that Wyrick's has been incarcerated he has not incurred a single disciplinary infraction.

"WHAT CAN BE CONSIDERED EXTRAORDINARY & COMPELLING"

As first stated in the opening of this brief, an "extraordinary and compelling" circumstance can be the inmates remarkable behavior since going to prison. Another inmate at Leavenworth USP who is 60 years old, was in fact released with his court using his exemplary behavior as the "extra ordinary and compelling" circumstance" along with the amount of time served, this inmate who was in Leavenworth USP received a substantial sentence reduction off of a 46 year sentence. The reasoning the judge used was "The fact McKinney had not incurred a single offense is prison over 22 years in prison is nothing short of remarkable" (see Exhibit "excerpt from Mckinney Sentence reduction Judges Transcript

6

(3:003 cr 00214 GCM)"

Taking a quote from Mckinney's Court.. "Given the ease with which federal inmates can stumble into an ensnaring web of prison regulations, See, e.g. 28C.F.R. § 541.3 (2022). The court can only recall a handful of defendants who have achieved similarly spotless records over the same span of time."

In comparison, Wyrick's case he has spent not 22 years with no incident report but almost 30 years. More than seven years longer than Mckinney without one single infraction". This along with being a mentor to other inmates, Wyrick is well thought of by staff. Granted Mckinney was not in for a crime of loss of life, but had some very serious crimes he committed. If this Court for a moment reflects on all of Wyricks, self improvement efforts, its truly outstanding; (see attached two previous motions for a complete list of programs, classes and acts where he is volunteering to mentor/ help other inmates.

Two recent US Supreme Court rulings on two major cases "Taylor, S.Ct. 20-1459" & "Concepcion S.Ct.20-1650" both direct the Court's to look at compassionate release, today even under wider scope than most Courts have in recent years.

7

In addition, as of the time of this writing the United States Sentencing Commission's proposed Amendments call for substantial changes with a broader view, these amendments will become law this year. The Amendments creates a far wider net of relief under compassionate release. These changes directly speak to the likes of prisoner's like Keven Wyrick, similar to what Mckinney's Court ruled on, his post conviction growth and behavior as an "extraordinary and compelling reason" to reduce Mckinney's sentence.

In sum Keven Wyrick committed a very serious crime, for which a penalty of almost 30 years in prison has been served, showing a man who has learned much and will not be a threat to society. Mr. Wyrick's post conviction conduct speaks to the person he is today. He most certainly would be a plus to the world outside prison.

Mr. Wyrick's post conviction conduct has demonstrated "extraordinary rehabilitation" As the U.S. Supreme Court recognized in Concepcion, federal judges have a unique responsibilty "to sentence the whole person before them." 142 S.Ct. at 2398. The man before the court is, by all accounts, far different today than when sentenced. was

## SPECIAL CONSIDERATIONS

A) Petitioner has again followed the administrative remedy process, and submitted his request to the

Warden for relief, with no result.

B) Petitioner specifically asks for the court's reconsideration, to take into account and to review Petitioner's "Declaration", which provides insight as to Mr. Wyrick's current activity within his time in prison and his state of mind about the past, present and future. Mr. Wyrick is a changed man,

C) Mr Wyricks exemplary behavior within prison over all these years demonstrates a great deal of good. It is truly difficult for anyone to live all these years inside this prison with no disciplinary reports ever

Keven Wyrick is now approaching almost 30 years of incarceration. The declaration he has written for this court speaks volumes from his heart about his deep regret for a poor spur of the moment decision he made as a young man, how he has spent his time in prison grown and matured since that time. He rid himself of many things in his life that lead to his demise  He was using drugs years before his arrest and drug usage lead him down a terrible path  He has grown past all that inside of here and hasn't touched drugs ever since being incarcerated, and has walked away from anyone inside the prison where dealing of drugs is common place. His previous motions (attached and supplemental briefs) already

9

include a long list of efforts of programming and show the desire of a man on a journey seeking self improvement and helping others

The court s have granted compassionate release for some incredibly heinous crimes for individuals who committed far worse crimes Attached as an exhibit is a list of a few cases where compassionate release were granted notably for individuals with treacherous histories of committing far more heinous crimes (see Ex A)

In this third request for reconsideration of a sentence reduction we ask this court to consider several factors

1) As stated previously both previous motions are attached as Supplemental Motions and include the standard language and elements of §3582 (c)(1)(A) and elements to be considered under § 3553(a) , therefore this motion has been void of repeating all these again this court is well versed in all the language and elements

3) A conscious decision to not be repetitive about issues like Covid 19 in prisons which this court is already well advised on this matter. However it is worthy of a few facts on this matter, today the risk is still very high of infection or death inside these walls. Recently facts about

10

vaccines are shocking the world, not only have they proven that cannot prevent reinfection, and vaccines are now being challenged in the courts for causing deaths themselves. The threat of Covid infection still exists especially in prisons. As of this writing Today Marianna FCI Federal Prison in Florida announced no visiting due to a Covid outbreak.

These factors create a major threat of infection and even death again for Mr. Wyrick. The CDC recently said this variant is a combination of the very contagious Omnicron variant and the Delta Variant which was very deadly. In addition Mr Wyrick is being housed in a 64 sq ft cell with another man there is no way to protect himself Threfore he remains at risk.

## MR WYRICK IS NOT A DANGER TO ANY COMMUNITY

Mr. Wyrick ask this Court to reconsider the primary issue of why he was previously denied in his previous motions, "A danger to the community".

The important issue of rehabilitation efforts and accomplishments while incarcerated is being considered today by many courts. This and other relevant issues are addressed within Concepcion v. United States, S.Ct. 20-1650, June 27, 2022.

11

"There is a long standing tradition in American law dating back to the dawn of the Republic that a judge at sentencing considers the whole person before him or her "as an individual" Koon v United States 518 U S 81 113 (1996) In line with this history federal courts today generally "exercise a wide discretion in the sources and types of evidence used" to craft appropriate sentences. Williams v. New York, 337 U.S. 241,246 (1949). When a defendant appears for sentencing, the sentencing court considers the defendant on that day, not on the date of his offense or conviction. Pepper v. United States, 562 U.S. 476, 492 (2011). Similarity, when a defendant sentence is set aside on appeal, the district court at resentencing can (and in many cases must) consider the defendant's conduct and changes in Federal Sentencing Guidelines since original sentencing. Ibid.

Congress enacted the First Step Act of 2018 against that back drop. The question is whether a district court adjudicating a motion under First Step Act may consider other intervening changes of law, such changes of law (such as changes to Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step motion. The U.S. Supreme Court holds they may."

12

## CONCLUSION

In conclusion, Mr. Wyrick has demonstrated through many years of incarceration that he is not a danger to any community, a primary reason he has been denied of a sentence reduction in the past. Conversely, he will be a benefit to any community he lives in. He will continue his ways of helping others, as he has in prison.

It is an enormous responsibility of a Court to consider whether or not to grant a petitioners request for a reduction in sentence. In this case we ask this court to consider ordering an evidentiary hearing, before making judgement on this motion, to hear and see for the courts own edification whether or not the court sees him fit to rejoin society. Mr. Wyrick has changed since the court sentenced him almost three decades ago. He undertsands this is not normal procedure under a motion for compassionate release, however through a video or in person hearing the court may see a different man.

Keven Wyrick is committed to never return to a life of any sort of crime, and to becoming a good standing citizen of his community, and will share with others about the mistakes he has made (See attached Declaration of Keven Wyrick). He will be not be a burden on society, rather society will be a benefactor of his new lease on his life, if granted a chance

13

by this court. Keven Wyrick, pleads with your Honor to grant him a reduction to time served and immediate release. He will not disappoint the court if granted a chance to restart his life outside of prison. Keven Wyrick prays for a positive response from the court

Respectfully submitted

_Keven Wyrick_
Keven Wyrick