# EXHIBIT

# B

Court not to reduce the sentence any further, pointing to McKinney's multiple drug-related convictions. *Id.* at 5–6.

The Court now considers the relevant § 3553(a) factors. First, the nature and circumstances of the offense were undoubtedly serious. McKinney carried a firearm while dealing crack cocaine, an addictive and dangerous drug. And McKinney was a recidivist offender, having previously committed drug and firearm offenses. At the same time, however, McKinney's crimes were essentially nonviolent: there is no evidence in the record to suggest that McKinney ever used the .380 pistol that was found in his hotel room.

McKinney's history and characteristics present mixed evidence. At the time of his sentencing in 2005, McKinney was 41 years old, and he had a lengthy record of narcotics and firearm offenses. That would tend to suggest that his criminal history was not the one-off product of youthful immaturity. Rather, the record indicates that McKinney's criminal history was linked to his drug addiction: McKinney reported using crack for ten years and smoking it on a regular basis before his 2003 arrest. *See* PSR ¶ 59.

But McKinney's recent history paints a far more positive picture: During the decades that McKinney has been incarcerated on the present offenses, he has not incurred a *single* disciplinary infraction. That fact is remarkable, given the ease with which a federal inmate can stumble into the ensnaring web of prison regulations. *See, e.g.*, 28 C.F.R. § 541.3 (2022) (forbidding the use of "abusive or obscene language," "circulating a petition," "smoking where prohibited," "being unsanitary or untidy," "loaning of property for profit," and so on). The Court can recall only a handful of defendants who have achieved similarly spotless records over the same span of time. McKinney, now approaching 60 years old, also appears to have turned a corner in prison. McKinney is heavily engaged in drug treatment, including as a mentor for fellow inmates. *See,*

10

Case 3:03-cr-00214-GCM   Document 39   Filed 09/02/22   Page 10 of 11
Case 4:94-cr-00194-GAF   Document 1122-2   Filed 01/31/23   Page 2 of 3

*e.g.*, ECF No. 34-7 at 11, 15, 35, 40–42. Prison staff have praised McKinney's example to others, writing commendatory memoranda for his file. *See generally* ECF No. 34-8.

In sum, McKinney committed serious crimes, but not so serious as to merit the 46-year sentence that he received. And although the Court would ordinarily conclude that he should receive a sentence within the current Guidelines range, McKinney's post-conviction conduct has demonstrated extraordinary rehabilitation. As the Supreme Court recognized in *Concepcion*, federal judges have a responsibility "to sentence the whole person before them." 142 S. Ct. at 2398. The man before the Court is, by all accounts, far different today than he was in 2005. The Court's decision recognizes that change, and reduces McKinney's sentence accordingly.

### III. ORDER

**IT IS THEREFORE ORDERED** that the Motion to Reduce Sentence (ECF No. 34) is **GRANTED**. McKinney's term of imprisonment is **REDUCED TO 312 MONTHS**, a sentence that is sufficient, but not greater than necessary, to carry out the sentencing objectives of 18 U.S.C. § 3553(a).

**SO ORDERED.**

Signed: September 1, 2022

Graham C. Mullen
United States District Judge

11

Case 3:03-cr-00214-GCM   Document 39   Filed 09/02/22   Page 11 of 11
Case 4:94-cr-00194-GAF   Document 1122-2   Filed 01/31/23   Page 3 of 3