IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>KEVEN L. WYRICK,<br><br>      Defendant. | Case No. 94-00194-12-CR-W-GAF |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S THIRD MOTION TO REDUCE SENTENCE
PURSUANT 18 U.S.C. §3582(c)(1)(A)(i) – COMPASSIONATE RELEASE**

The United States of America, through Teresa A. Moore, United States Attorney for the Western District of Missouri, and the undersigned attorney, provides the following response in opposition to defendant's Third motion for compassionate release. The defendant seeks to have his life sentence for conspiracy to distribute marijuana and a continuing criminal enterprise resulting in death reduced to time served based upon extraordinary and compelling reasons. The defendant argues there remaining relevant issues from the prior two motions that should be considered. These are defendant has grown, matured, evolved, and changed and improved a great deal as to be considered "extraordinary and compelling reasons" and that he has been helped to draft this third motion with the aid of a law clerk in Leavenworth (D.E. 1122.) The Government opposes this request and asks the Court to deny the defendant's motion as he has not demonstrated any additional change in circumstance to his previous two motions.

**I. Procedural History**

On May 25, 1995, defendant was charged with one count of conspiracy to distribute marijuana, one count of engaging in a continuing criminal enterprise resulting in death and one count of conspiracy to distribute marijuana resulting in death. On September 24, 1996, trial began and ended on November 1, 1996 where defendant was convicted of counts two and three. On May

22, 1997, defendant was sentenced to life imprisonment. Based on the information made available on the Bureau of Prisons Inmate Locator, the defendant does not have a release date. (*See* https://www.bop.gov/inmateloc/.)

On August 31, 2020, the defendant filed a motion for compassionate release and asserts that the current situation regarding the coronavirus (COVID-19) places the defendant at risk if he remains in custody. (D.E. 1092.) On September 29, 2020 the government filed its opposition to said motion. (D.E.1098.)

On October 21, 2020 this Court entered an Order denying defendant's initial motion for compassionate release. (D.E.1102.)

Defendant Wyrick appealed the denial and a mandate was issued after a judgement was filed affirming the district court order. (D.E. 1109.)

On June 1, 2021, Defendant Wyrick filed his second motion for compassionate release (D.E. 1110.) and this court denied it on July 15, 2021 (D.E. 1115).

On August 16, 2021, Defendant filed another notice of appeal. (D.E. 1117). A mandate was issued after a judgement was filed affirming the district court order on September 15, 2021. (D.E. 1121.)

On January 31, 2023, defendant filed this third motion for compassionate release (D.E. 1122.)

## II. First Step Act and BOP Response to the Coronavirus Pandemic

The government incorporates, by reference, the information concerning the First Step Act and the BOP response to the pandemic from its two responsive filings previously in this case (D.E. 1098 and 1112.)

Suffice to say, the BOP has taken significant measures to protect the health of all inmates.

## III. The Defendant has Not Identified Extraordinary and Compelling Reasons

To be entitled to compassionate release, the Court must find that the defendant has demonstrated that "extraordinary and compelling reasons warrant such a reduction," that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and only "after considering the factors set forth in section 3553(a)." 18 U.S.C. 3582(c)(1)(A)(i). In *United States v. Jones,* the Sixth Circuit provided a three-step test a district court should follow when reviewing motions for compassionate release. 2020 WL 6817488, at *6 (6th Cir. Nov. 20, 2020). "At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission. At step three, § 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Id* (internal quotations and citations omitted).

The Sentencing Commission's pertinent policy statement related to extraordinary or compelling reasons appears at U.S.S.G. § 1B1.13. As amended November 1, 2018, the statement repeats the text of 18 U.S.C. § 3582(c)(1)(A) and adds that the court should reduce the sentence only if the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Because the Eighth Circuit has not yet decided the applicability of § 1B1.13 as it relates to motions brought directly by inmates, the Government argues that it should still be considered. The BOP promulgated Program Statement 5050.50, amended effective January 17, 2019, to set forth its own internal criteria for evaluating compassionate release requests. Courts have frequently upheld the BOP's discretionary authority in its management

3

duties over federal prisoners. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over [the place of imprisonment and treatment programs].").

In this case, the defendant discusses his insight as to the rationale for the crime he committed years ago and the efforts he's done since being incarcerated to change his life. Most notably, he claims to have had no write ups or violation in the 30 years he's been incarcerated. As he is now 60 years old, defendant has spent almost half his life in the BOP.

Defendant goes on to make comparisons with other similarly situated defendants who have been released from the BOP. Those are fair comparisons; however, this court has already taken into consideration the defendant's 3553(a) factors. See D.E. 1102 and 1115.

In order to show he is no longer a danger to the community; defendant discusses his efforts to rehabilitate himself while in BOP custody and asks for an evidentiary hearing before the court decides this third pro se motion.

### IV. **Defendant Remains a Danger to the Community and Section 3553(a) Factors Do Not Support Release**

This Court may not modify or reduce the defendant's sentence without considering the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense and history and characteristics of the defendant; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from future crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional

4

treatment in the most effective manner.[1] 18 U.S.C. § 3582(c); *see also United States v. Jones*, 2020 WL 6817488, at *11 (6th Cir. Nov. 20, 2020) (citing *Gall v. United States*, 552 U.S. 38 (2007) ("District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision."). Consideration of these factors, which are not affected by COVID-19, does not allow the Court to grant the defendant's motion for compassionate release. This defendant is a danger to the community and should not be considered for compassionate release.

Further, U.S.S.G. § 1B1.13 directs Courts to also consider the factors outlined in 18 U.S.C. § 3142(g) in order to determine whether the defendant remains a danger to the community. Under 18 U.S.C. § 3142(g), the Court must consider four factors in determining whether the defendant might present a danger: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)– (4). Consideration of these factors—which are not affected by COVID-19—does not allow this Court to conclude that this defendant is not a danger to the safety of any other person or the community.

---

[1] U.S.S.G. § 1B1.13(2), states that even if a prisoner demonstrates "extraordinary and compelling reasons," he is not entitled to compassionate release if he poses "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." As discussed above, Courts are divided as to whether § 1B1.13 applies outside the context of a motion filed by the BOP. However, § 3582 unquestionably requires the Court to consider the § 3553(a) factors, which encompasses the arguments the Government has raised with regard to the defendant's presentation of a danger to the community and the need to protect the public.

(1) nature and circumstances of the charges offense, § 3142(g)(1).

This defendant was convicted of conspiracy to distribute more than 1000 kilograms of marijuana and continuing criminal enterprise resulting in death after a six-week trial. The PSR shows that defendant was reportedly a light heavyweight professional boxer and sold small quantities of marijuana, however his main function was an enforcer and intimidator for the conspirators. He had been involved in the assault of someone who stole drugs from the main defendant and on June 27, 1989, shot and killed Elmont Kerns at the direction of Dennis Moore, Sr., the main co-defendant charged in the case and only defendant who went to trial with defendant Wyrick.

(2) weight of the evidence, § 3142(g)(2).

After a six-week trial, a jury found both men guilty and Wyrick was sentenced to life imprisonment for his role in the conspiracy and in the death of Elmont Kerns.

(3) defendant's history and characteristics, § 3142(g)(3).

The defendant's criminal history, as shown in the PSR, indicates he had two municipal convictions for DUI and disorderly conduct and one felony conviction for unlawful use of a weapon. He was in the United States Marine Corp (honorable discharge) and was both an amateur and a professional boxer.

Again, this defendant has failed to demonstrate that the § 3553(a) factors the Court considered at the time of sentencing have changed, therefore the Court should deny the defendant's motion for immediate release. There has been no change in circumstances from the time this court ordered his last compassionate release denied to this request.

### V. Record of Rehabilitation is Not an Extraordinary and Compelling Reason

Finally, the defendant asserts he has demonstrated a record of rehabilitation, and the Government does not dispute that the accomplishments the defendant has made in prison, as listed and documented in all his pro se motions (D.E. 1104, 1110, and 1122), are laudable. However, rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for a reduction of a term of imprisonment. (U.S.S.G. § 1B1.13 Commentary n.3; 28 U.S.C. § 944(t).)

If the court is so inclined, they could grant the evidentiary hearing requested by defendant, although it is not needed to make a reasoned determination based on the merits. The record is clear and has not changed since the last pro se request for compassionate release was made. The government is also certain that defendants' efforts since being incarcerated, have been duly noted by this court.

### CONCLUSION

Based on the foregoing, the Government respectfully requests that the defendant's renewed motion for compassionate release be denied.

Teresa A. Moore
United States Attorney

By   /s/ Joseph M. Marquez

Joseph M. Marquez #40634
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on March 3rd, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record and USPS Certified Return/Receipt to thedefendant at:

> Keven Wyrick
> Reg. No. 08724-045
> USP Leavenworth
> P.O. Box 1000
> Leavenworth, Kansas 66048

> */s/ Joseph M. Marquez*
> Joseph M. Marquez
> Assistant United States Attorney