IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA
   Respondent,

v.         Case No. 94-00194-12-CR-W-GAF

KEVEN L. WYRICK,
   Petitioner.

PETITIONER'S REPLY TO GOVERNMENT'S
RESPONSE IN OPPOSITION TO DEFENDANT'S THIRD MOTION FOR
COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C.§ 3582(c)(1)(A)

Comes Now, Keven Wyrick, Pro Se, provides the following response to the Government's stale and redundant response to his motion for Compassionate Release and a sentence reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A).

Mr. Wyrick respectfully submits to the court this reply which is short and to the point relevant to the response to the governments opposition response.

1. The Government's response appears as though they are caught in a time warp of sorts. With all due respect the U.S. Attorney response does not address much of anything other than the same old response they used almost 30 years ago and then again twice in both previous opposition responses.

2. Within the government's opposition response they continue on the path of reduntancy insisting Mr. Wyrick is A Danger to his Community. Is there no chance ever for improvement, rehabilitation and change for the better, in the eyes of the U.S. Attorney's position. The same old rhetoric, almost like they use the same "form letter" or "boiler plate" language in their respective response for each denial.

3. Mr. Wyrick presented to the Court matters the government seems oblivious to. Mr. Wyrick has worked tremendously hard to change himself, better himself and stay steadfast in that comittment for almost 30 years, a long time for any person's life. He does not deny his guilt nor assume he should not have been punished. The U.S. Supreme Court is not in concert with the U.S. Attorney's slam dunk response.

4. One reads the response and they might make the assumption that either the government is unaware of the language in Concepcion, United States S.ct. No.20-1650, June 27, 2022; or simply doesnt care enough to consider it.

5. Concepcion allows and encourages Court's to "consider other intervening changes of law (such as the Sentencing Guidelines) or changes of fact (such as behavior in prison) Adjudicating a First Step Act motion. "The Concepcion ruling pointed to postsentencing evidence of rehabilitation. Concepcion highlighted his successfully completed drug and vocational programming, as well as his stable reentry plan. He also submitted a letter from the prison chaplain who attested to Concepcion's spiritual growth while incarcerated." Mr. Wyrick had done much of the same and even gone through a ministry program.

6. To continue to say one is a danger to his community with the insistence that change in a person over 30 years cannot not happen is saying that nothing can change or that simply

nothing has changed. It simply isn't right to make that assumption, they do not know Mr. Wyrick, or who he is today? In Concepcion the courts are encouraged to look at "The whole man" as to who he is today vs. who he was when he came to prison as a mitigating factor on deciding whether or not a reduction of sentence is warranted.

7. Therefore Mr. Wyrick asked this Court to please order an him an Evidentiary hearing before the Court itself to ask him questions, hear him, see him and get a first hand look at the man, after almost 30 years have gone by.

8. When the Court makes its final determination on whether to allow Mr. Wyrick to have a chance of living his twilight years outside of prison, he asks that the Court consider that the government is not always right, that is why we have judges who make the final decisions, not the government's attorney. The government incorrectly makes the statement that the court cannot consider post rehabilitation as an "Extraordinary and Compelling" factor in deciding whether or not to use this as part of their decision to order a sentence reduction, this is simply not correct.

9. The court certainly has the jurisdiction and power to do so, and it is being done in court's across our land today. This can be evidenced in the case Mr. Wyrick had submitted in his motion, Mckinney 3:03-cr00214-GCM (2022). This Judge did in fact use post rehabilitation efforts as a "extraordinary and compelling" factor when cutting Mckinney's sentence by approximately 23 years leaving him with a remaining two years. The court cited "Mckinney's spotless record over the span of time" he was incarcerated as evidence of the whole person is.

10. Mr. Wyrick was encouraged by staff at Leavenworth to try

one more time at a motion for compassionate release, as he was being accepted for the Veterans program. Mr. Wyrick knew first hand of the Mckinney court decision, because he was incarcerated with that Mckinney at Leavenworth USP, who received a substantial sentence reduction due to his rehabilitation efforts.

11. The court most definitely is allowed and is encouraged to consider post rehabilitation efforts when considering relevant § 3553(a) factors of post rehabilitation efforts, in Concepcion.

12. Last, Mr. Wyrick submits to the Court the case of "Sherwood 986 F..3d951;2021 U.S. App. Lexis 2806;2021 FED App.0022P (6th Cir.) No. 20-4085". Where defendant was denied a compassionate release exclusively due to his failure to satisfy U.S. Sentencing Guidelines Manual § 1B1.13(2)'s requirement that a defendant not be a danger to the community, the case was reversed and remanded to the district court for application of the remaining 18 U.S.C.S. § 3582(c)(1)A) factors.

Mr. Wyrick submits this motion with a heavy heart in hopes this Court will grant him a reduction of his sentence, however the court deems appropriate. Mr. Wyrick again he reiterates he would request an "evidentiary hearing" before this court, so that the court may review and consider the individual in person who today seeks relief from the court.


Respectfully submitted,

_Keven Wyrick_        March 14, 2023
Keven Wyrick                 Date

Keven Wyrick 08724-045  
United States Penitentiary Leavenworth  
PO BOX 1000  
Leavenworth, Ks 66048

Legal.

4:94-cr-GAF-12

Clerk Evans Whitaker Courthouse  
400 E. 9th Street, Room 5510  
Kansas City, Missouri 64106

RECEIVED  
2023 MAR 17 AM 11:20  
CLERK U.S. DIST. COURT  
WEST DIST. OF MO  
KANSAS CITY, MO

SCREENED BY U.S. MARSHAL

