Keven Wyrick #08724-045
FCI Englewood
9595 W. Quincy Ave.
Littleton, Colorado 80123
Appearing Pro Se

COPY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
Western Division

UNITED STATES OF AMERICA,

Plaintiff,

v.

KEVEN WYRICK,

Defendant.

Case No. 94-00194-12-CR-GAF

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION (Doc. 1140) TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(1)(A)(i)

Defendant Keven Wyrick submitted a motion for a sentence reduction under 18 U.S.C. §3582(c)(1)(A)(i) seeking to have his life sentence reduced to 40 years based upon extraordinary and compelling circumstances. Wyrick argues that the Amended Guidelines under Section 1B1.13(b)(6) which took effect on November 1, 2023 warrant his sentence reduction and that said Amended Guidelines were not available to him in his previously submitted (and denied) compassionate releease motions. The Government filed an opposition (Doc. 1140) ("Opposition") on 1/31/2024 asking the Court to deny Wyrick's motion "as he has not demonstrated any additional change in circumstance to his previous three motions." Opposition at p.1.

**I. New Guideline Amendment (1B1.13)**

In its Opposition, the Government spends 20 pages (pages 2-22) making the argument that the Commission does not have the authority to interpret Section 3582(c)(1)(A) to empower district courts to consider nonretroactive changes in law as a basis for reducing a

-1-

defendant's term of imprisonment.

A brief history and some context is appropriate to consider at this juncture. Before the Sentencing Commission adopted a new USSG §1B1.13, there was a circuit split concerning whether a long sentence that was mandatory before the First Step Act but could no longer be imposed after the First Step Act passed could constitute an extraordinary and compelling reason for a sentence reduction. Compare United States v. Ruvalcaba, 26 F.4th 14, 16, 26-28 (1st Cir. 2022) (holding that non-retroactive changes in sentencing law may be considered in light of a defendant's particular circumstances), United States v. McCoy, 981 F.3d 271, 286-88 (4th Cir. 2020)(same), United States v. Chen, 48 F.4th 1092, 1098 (9th Cir. 2022)(same), United States v. McGee, 992 F.3d 1035, 1047-48 (10th Cir. 2021)(same), with United States v. Crandall, 25 F.4th 582, 585-86 (8th Cir. 2022) (holding that non-retroactive changes in law are not permissible considerations), United States v. McCall, 56 F.4th 1048, 1061 (6th Cir. 2022)(en banc)(same).

The Commission considered whether the foregoing split among the circuit courts of appeals was properly addressed by the Commission, which typically resolves such disagreements when they relate to its guidelines or policy statements, see Braxton v. United States, 500 U.S. 344 (1991), or by the Supreme Court. In making that determination, the Commission was influenced by the fact that on several occasions the Department of Justice successfully opposed Supreme Court review of the issue on the ground that it should be addressed by the Commission. See, e.g., Brief For the United States in Opposition to

Grant of Certiorari, <u>Jarvis v. United States</u>, No. 21-568, 2021 WL 5864543 (U.S. Dec. 8, 2021); Memorandum For the United States in Opposition to Grant of Certiorari, <u>Watford v. United States</u>, No. 21-551, 2021 WL 5983234 (U.S. Dec. 15, 2021); Memorandum For the United States in Opposition to Grant of Certiorari, <u>Williams v. United States</u>, No. 21-767, 2022 WL 217947 (U.S. Jan. 24, 2022); Memorandum For the United States in Opposition to Grant of Certiorari, <u>Thacker v. United States</u>, No. 21-877, 2022 WL 467984 (U.S. Feb. 14, 2022).

The Government obtained exactly what it wanted. The Commission addressed the issue and resolved the circuit split with its amended Guidelines, directing in §1B1.13(b)(6) that temporal disparity can be extraordinary and compelling if the defendant has served 10 years of incarceration and if there is a gross disparity evident. See id. How does the Government respond to this? It has filed frivolous oppositions all around the country, arguing that the Sentencing Commission's §1B1.13 guideline exceeded its statutory authority and is invalid. The government's cookie-cutter cut-and-paste oppositions are now being decided by district courts to the detriment of the Government. In United States v. Capps, an Eastern District of Missouri court rejected the Government's claim that because the First Step Act did not make changes in 18 U.S.C. §924(c) and 21 U.S.C. §841(b) retroactive, the Sentencing Commission cannot do so either. "Congress is not shy about placing sentence modification limits where it deems them appropriate," the Capps court said. "Congress broadly empowered and directed the Commission to issue binding guidance as to what circumstances qualify for potential reduction. Nothing in the statute's text prohibits the Commission from considering nonretroactive changes

in the law as extraordinary and compelling reasons for a sentence reduction. The absence of any such limitation is telling." United States v. Capps, Case No. 1:11-cr-108 (E.D. Mo. Jan. 31, 2024). Another court came to the same conclusion two weeks ago in United States v. Padgett, Case No. 5:06-cr-13 (N.D. Fla. Jan 30, 2024). The Padgett Court ruled that making temporal disparity an "extraordinary and compelling reason" for compassionate release was exactly the kind of decision Congress intended the Commission to make. The Padgett Court stated "[t]he government acknowledges that Congress directed the Commission to address the meaning of extraordinary and compelling," "[b]ut the government asserts the Commission went to far, because, the government says, a temporal disparity, no matter how great or how unusual, can never provide an extraordinary and compelling reason for a sentence reduction." The Court then said "[t]he very fact that the circuits split on this issue suggests the meaning of 'extraordinary and compelling is not as clear as the government now asserts. Instead, this is precisely the kind of issue Congress called on the Commission to resolve. Indeed in US v. Bryant, the 11th Circuit held binding the Sentencing Commission's prior policy statement on this very issue, emphatically explaining that Congress left it to the Sentencing Commission to define 'extraordinary and compelling,' subject only to the requirement that rehabilitation alone is not enough. A district court's job is 'simply' to apply the Commission's poicy statements and, as required by the statute, consider the 3553(a) sentencing factors in deciding whether to reduce an eligible defendant's sentence." Id.

Defendant Wyrick asks this Court to take judicial notice of the United States v. Capps (supra) decision and the United States v. Padgett

-4-

(supra) decision in determining whether or not to follow the Government's logic concerning the Sentencing Commission's power to define extraordinary and compelling circumstances under 18 U.S.C. §3582(c)(1)(A)(i).

## II. Subsection (b)(6) Does Apply to Wyrick

In its Opposition (at p.9), the Government does make an argument, albeit hypothetical ("even if the Sentencing Commission acted within its statutory authority when promulgating..."), concerning whether Guideline §1B1.13(b)(6) applies to Defendant Wyrick. The Government misstates Wyrick's argument by stating that Wyrick does not meet subsection (b)(6)'s criteria because "Subsections (b)(6) and (c), ... expressly exclude reliance on 'an amendment to the Guidelines Manual that ha not been made retroactive' in establishing extraordinary and compelling reasons for a sentence reduction. (Opp. at p.9, citing U.S.S.G. §1B1.13(b)(6),(c)). Wyrick is not making a request for a sentence reduction based on any amendment to the Guidelines Manual that has not been made retroactive as his motion clearly articulates. Nowhere does Wyrick's motion for a sentence reduction indicate that he relies upon a nonretroactive Guidelines Manual amendment.

The Government Opposition next claims that Wyrick is "resort[ing] to Section 3582(c)(1)(A)(i) to circumvent the normal process of direct and collateral review" by interpreting Wyrick's disparity arguments as "challenges to the legal validity of [his] conviction or sentence based on intervening judicial decisions...." (Govt. Opp. at p. 10). Yet Wyrick does not attempt to circumvent the direct or collateral review process by arguing that a sentencing disparity exists based upon a change in the law. A disparity due to a change in the law

-5-

is not a proper basis to raise a constitutional claim on collateral review or direct appeal. A sentencing disparity created by a change in the law may only be presented in the context of a motion for a sentence reduction under Section 3582(c)(1)(A).

Defendant Wyrick concedes the Government's point that "excluding challenges to the **legal validity of a conviction or sentence** based on intervening judicial decisions...is consistent with the substantial weight of authority in the courts of appeals" and that "[n]early every circuit to have considered the question has held that a claimed **error in a defendant's judgment** cannot provide extraordinary and compelling reasons for a sentence reduction." (Govt. Opp. at p. 10, emphasis added). The Government misstates Wyrick's argument. He does not challenge the legal validity of his conviction or sentence based on a change in the law nor does he claim any **error** in his judgment being the basis for relief under Section 3582(c)(1)(A). Rather, Wyrick argues that the **disparity** created by the change(s) in the law resulted in a sentencing disparity between he and similarly situated defendants convicted for the same or similar offenses.

Wyrick cites the nonretroactive case United States v. Booker, 435 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) as creating a sentencing disparity between he and similarly situated defendants because post-Booker the Sentencing Guidelines are advisory as opposed to mandatory and Wyrick was given a mandatory life sentence under the mandatory Guidelines which he would not receive today. This is exactly the type of disparity that the Sentencing Commission intended to remedy by amending Section 1B1.13 in Amendment 814 ("Unusually Long Sentence"). The Commentary to Amendment 814 makes this clear:

-6-

> "The amendment agrees with the circuits that authorize a district court to consider non-retroactive changes in the law as extraordinary and compelling circumstances warranting a sentence reduction but adopts a tailored approach that narrowly limits that principle in multiple ways. First, it permits the consideration of such changes only in cases involving 'unusually long sentences,' which the legislative history to the SRA expressly identified as a context in which sentence reduction authority is needed. See S.REP. NO. 98-225, at 55 (1983)....('The Committee believes that there may be unusual cases in which the eventual reduction in the length of a term of imprisonment is justified by changes circumstances. These would include cases of severe illness, cases in which other extraordinary and compelling circumstances justify a reduction of an **unusually long sentence,** and some cases in which the sentencing guidelines for the offense of which the defender [sic] was convicted have been later amended to prove a shorter term of imprisonment.')).

Even before Guideline Amendment 821 took effect numerous district courts granted defendants' motions for sentence reductions under 18 U.S.C. §3582(c)(1)(A) based upon the sentencing disparity created by Booker and the advisory nature of the Guidelines post-Booker (even in cases in which the guidelines would still call for a life sentence, but they would not be mandatory). See e.g. United States v. Boddie, 2021 U.S. Dist. LEXIS 11741 (S.D. Ind. Jan. 22, 2021)(granting immediate release due to disparity for defendant with a life sentence even though the new Guideline range included an advisory life range); United States v. Russo, 2022 U.S. Dist. LEXIS 199664, *15 (E.D.N.Y. Nov. 2, 2022)(same); United States v. Pitt, 2020 U.S. Dist. LEXIS 144280, *2 (M.D. Pa. Aug. 12, 2020)(same); United States v. Rivas, 2021 U.S. Dist. LEXIS 16062, *5-7 (E.D. Wisc. Jan. 26, 2021)(same); United States v. Parker, 461 F. Supp. 3d 966, 980-81 (C.D. Cal. 2020) (same).

### III. The Government's Conceded Points

The Government fails to address several of Wyrick's arguments concerning the basis for his sentence reduction and, as such, has conceded these points.

For instance, Wyrick argued that several changes in the law warrant the sentence reduction to 40 years which he requests. He points to Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) as one of several changes in the law which justify his sentence reduction request, (Mot. at p.9), his age at the time of the offense, (Mot. at p. 10), and COVID-19 vulnerability in the prison setting (Mot. at p. 13). The Government failed to address these and several other of Wyrick's valid arguments and has conceded these points as a result. See e.g., Glass v. Lahood, 786 F. Supp. 2d 189, 210 (D.D.C. 2011)(indicating that when a party fails to address an argument raised by another party, that party concedes the point).

### IV. Section 3553(a) Factors Support Release

The Government claims that the Section 3553(a) factors do not support release (although Wyrick does not reqeust release but rather a "reduction" to a 40 year sentence). In indicating that the Section 3553(a) factors do not support "release" the Government repeatedly points to Wyricks crime of conviction and fails to consider Wyrick must be considered for resentencing in light of the person he is **today** rather than only based upon the crime that he was convicted of. See <u>Pepper v. United States</u>, 562 U.S. 476, 491, 131 S. Ct. 1229, 179 L. Ed. 2d. 196 (2011). Wyrick is clearly not the same person that he was nearly 30 years ago when he committed the offenses for which he served decades in prison for committing. He is a changed man and has been rehabilitated. To consider to point to the crime charged as the only basis for concluding that Wyrick should not be given a reduced sentence flies in the face of <u>Pepper</u> and Section 3553(a)'s requirements. The "nature and circumstances of the defendant" refers to the nature and circumstances of the defendant as he stands today, not as he was during his initial sentencing.

Case 4:94-cr-00194-GAF   Document 1146   Filed 02/29/24   Page 8 of 10

The Government fails to address the fact that Wyrick has not incurred a single infraction since his incarceration in the Bureau of Prisons. It fails to mention that Wyrick is now being housed at a **LOW security** prison (FCI Englewood is a low security facility) and that Wyrick has a MINIMUM PATTERN score according to the Bureau of Prisons PATTERN risk assessment system. (See Exhibit D, Wyrick Sentence Reduction Motion, Doc. 1133). The Government itself has deemed Wyrick to be at the lowest possible risk of recidivism yet argues in its Opposition that his crime prevents him from ever being rehabilitated or reformed. If this is so, how is it that any person with a murder conviction is ever released from custody? As Wyrick notes in his sentence reduction motion, the average sentence for murder is not life at this time, it is 248 months. Here Wyrick asks for a reduction to 40 years or 480 months of incarceration rather than the life sentence that he is serving now.

The Government claims that nothing has changed since Wyrick submitted his previous compassionate release motions. Something has changed. Wyrick has been transferred to a low security prison. Wyrick is no longer asking for immediate release. Wyrick may now utilize the amended Guidelines (Section 1B1.13) based upon his unusually long sentence and the disparity that is evident. Circuit precedent prevented the Court from considering a disparity before the Guideline Amendment took effect. Now the Court is clearly empowered to do so and Wyrick humbly asks that it do so here.

Respectfully submitted,

*Steven Wyrick*
08724-045

Dated: 2/19/2024

*Keven Wyrick* (signature)

Keven Wyrick
Prisoner No. 08724-045
FCI Englewood LOW
9595 W. Quincy Ave.
Littleton, Colorado 80123
Appearing Pro Se

-10-